IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

vs.                              Criminal No. 1:13-cr-10004

KWAME ALI ASKIA                                                                    DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Kwame Ali Askia's Motion to Dismiss Indictment or For Leave to Move for a Bill of Particulars. ECF No. 23.[1] This Motion was filed on March 5, 2015. *Id.* On March 20, 2015, the Government responded. ECF No. 32. On September 22, 2015, Askia filed his reply. ECF No. 54. A hearing was held on this matter on November 4, 2015 in El Dorado, Arkansas. ECF No. 65. Trial in this matter is currently set for February 8, 2016. *See* ECF No. 52.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. The Court, having reviewed all of the Parties' briefing, the evidence admitted at the hearing in this matter, and all of the relevant law on this issue, finds this Motion should be **DENIED** in its entirety.

**A.    Background:**

On March 6, 2013, an Indictment was returned against Askia. ECF No. 1. The Indictment alleges Askia violated 18 U.S.C. § 666 (1994) which criminalizes "Theft or bribery concerning programs receiving Federal funds." *Id.* Specifically, the Indictment provides as follows:

From on or about August 23, 2007, to on or about April 11, 2008, in the Western

---

[1] The docket entries are referenced by "ECF No. ____."

      District of Arkansas, El Dorado Division, the defendant, **KWAME ALI ASKIA,** being an agent of, Askia Learning Concepts, a for profit organization, said organization receiving in the one year period beginning August 23, 2007, benefits in excess of $10,000 under a 21st Century Community Learning Centers Grant, embezzled, stole, without authority knowingly converted, obtained by fraud, and intentionally misapplied property worth at least $5,000 and owned by and under the care, custody and control of Askia Learning Concepts, that is, grant funds provided for educational services to Strong High School, Strong, Arkansas, in violation of 18 U.S.C. § 666(a)(1)(A).

*Id.*

In considering this Indictment, it is important to first discuss the factual background in this case.[2]

**1. Tammy Cloyes**: Tammy Cloyes, an employee of the Arkansas Department of Education, testified at the hearing on the Motion to Dismiss. Ms. Cloyes provided the following evidence:

The United States Department of Education offers a grant program known as 21st Century Community Learning Centers ("21st CCLC"). Gov't Ex. 25. This program supplies grant money to support the creation of community learning centers. *Id.* These centers provide academic enrichment opportunities during non-school hours for children, particularly students who attend high-poverty and low-performing schools. *Id.* The program helps students meet state and local student standards in core academic subjects such as reading and math; offers students a broad array of enrichment activities that can complement their regular academic programs; and offers literacy and other educational services to the families of participating children. *Id.* The 21st CCLC grants are awarded to the Arkansas Department of Education ("ADE") which in turn manages statewide competitions and awards grants to eligible entities. *Id.*

---

[2] These facts are taken from the evidence admitted at the hearing in this matter on November 4, 2015. These facts are only considered for purposes of this Motion. The Government's exhibits admitted during the hearing are abbreviated "Gov't Ex. ____."

On April 27, 2007, ADE received an application from Askia who operated Askia Learning Concepts ("ALC"). Gov't Ex. 2. Askia sought a 21st CCLC grant in the amount of $149,280.00. *Id.* The purpose of this grant was to provide educational services to Strong High School in Strong, Arkansas during the 2007-2008 school year. *Id.* In the goals section of the application appendix, the timeline stated the program would extend from August 30, 2007 through June 30, 2008. Gov't Ex. 3.

On June 7, 2007, Askia was awarded the 21st CCLC grant. Gov't Ex. 4. On June 25, 2007, ADE authorized payment to Askia in the full amount of the grant funds, $149,280.00. Gov't Ex. 5. The check was issued to Askia on August 23, 2007 and was deposited into the ALC account on August 30, 2007. Gov't Ex. 6.

On November 1, 2007, the ADE conducted a site visit and discovered compliance issues with ALC. Gov't Ex. 7. Two of these compliance problems included the following: "No schedule of activities was evident" and "No snacks were being provided." *Id.* Also, only two students were being tutored at the time of the site visit. *Id.* Because of these problems, the ADE notified Askia in an e-mail dated November 5, 2007 to stop spending all 21st CCLC funds and send a current expenditure report to the ADE by November 6, 2007. Gov't Ex. 8. On November 21, 2007, Askia met with the ADE, and the ADE directed Askia to supply documentation, including an expenditure report, bank statements, and original receipts, for the ADE to review. Gov't Ex. 10. At this meeting, Askia did not supply the requested documentation but instead provided a "Strong High School/ALC - 21 Century Budget Worksheet" which provided a list of expenditures without receipts or other supporting documentation. Gov't Ex. 11.

On December 4, 2007, the ADE scheduled a second meeting for December 11, 2007 to

provide Askia a further opportunity to comply. Gov't Exs. 12-13. In the reminder e-mail regarding this meeting, the ADE directed Askia to bring "a copy of your expenditures and a copy of your bank statement. That will document the actual expenditures and will clarify any questions." Gov't Ex. 12. Askia attended this meeting but did not supply the requested documentation. Instead, on December 17, 2007, Askia sent the ADE a letter and another worksheet providing a list of expenditures without any supporting documentation. Gov't Ex. 14.

Thereafter, and throughout late 2007 and early 2008, the ADE continued its attempts to obtain supplemental documentation (including receipts and bank statements) from Askia to support Askia's reported expenditures. Gov't Exs. 15, 29. Finally, on March 27, 2008, the ADE sent a letter to Askia outlining a timeline of its attempts to contact Askia. Gov't Ex. 18. The letter also informed Askia the 21st CCLC grant was terminated due to the continued lack of compliance and communication in providing supporting documentation of expenditures. *Id.* The ADE demanded repayment of the grant by April 15, 2008.[3] *Id.*

**2. Brian Beers**: Brian Beers, a Special Agent of the Office of Inspector General of the United States Department of Education, testified at the hearing on the Motion to Dismiss. Agent Beers provided the following evidence:

As a part of its investigation, the Government obtained ALC's bank records. According to the ALC bank records, throughout 2007 and 2008, Askia repeatedly misapplied and converted 21st CCLC funds for his personal use. Gov't Exs. 21-22, 32-33. The Government provided seventeen examples of such misapplication. Gov't Ex. 32. Examples of these include the following: $108.00

---

[3] The ADE demanded repayment of only $148,416.00 of the grant money instead of the entire grant amount of $149,280.00 because Askia was given credit for one authorized expenditure of $864.00.

payment to Thrifty Liquor in Smackover, Arkansas (March 10, 2008); $467.36 payment to the Super 8 Motel in Smackover, Arkansas (March 11, 2008); $2,500.00 payment to Casket & Monument in Little Rock, Arkansas (March 12, 2008); and a $2,428.00 payment to Casket & Monument in Little Rock, Arkansas (March 17, 2008).  In total, these transactions alone equal $5,503.36.

**3. Instant Motion**:  The Government presented some, if not all, of the foregoing facts to a grand jury sitting in the Western District of Arkansas.  As noted above, Askia was indicted on March 6, 2013 for violating 18 U.S.C. § 666(a)(1)(A) which criminalizes the following: "Theft or bribery concerning programs receiving Federal funds."

After the Indictment was returned against him, Askia filed the current Motion seeking to dismiss the Indictment.  ECF No. 23.  Askia argues the statute of limitations for 18 U.S.C. § 666(a)(1)(A) is five years.  *Id.*  Askia claims his allegedly unlawful conduct occurred before this five-year time-period or before March 6, 2008 (five years before the Indictment was returned against him).  *Id.*  Specifically, Askia argues he received the 21st CCLC grant money on August 23, 2007, and his alleged crime was complete at that time.  *Id.*  Alternatively, Askia asks for a Bill of Particulars. The Government has responded to this Motion. ECF No. 32.  The Government claims the Indictment against Askia should not be dismissed for three separate reasons.  This Motion is now ripe for consideration.

**B.     Applicable Law:**

According to 18 U.S.C. § 666(a)(1)(A**)**, a person is guilty of a crime if he or she is an agent of an organization or a governmental entity and "embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—(i) is valued at $5,000 or more, and (ii) is owned by, or is

under the care, custody, or control of such organization, government, or agency." Further, pursuant to 18 U.S.C. § 3282(a), the applicable statute of limitations is five years.

**C.     Discussion:**

The sole issue with the current Motion is whether the Indictment was returned before the statute of limitations expired. Askia claims the five-year statute of limitations bars this Indictment. ECF No. 23. Specifically, Askia claims his crime was completed on August 23, 2007 when he received his grant check, and he claims he should have been indicted before August 23, 2012 for the Indictment to be valid. *Id.* In the present action, the Indictment against Askia was not returned until March 6, 2013. ECF No. 1.

The Government claims the Indictment should not be dismissed for the following three reasons: (1) the Indictment against Askia was timely returned under the Wartime Suspension of Limitations Act; (2) Askia's multiple withdrawals from the ALC account are deemed to form a "continuing offense"; and (3) Askia's multiple withdrawals from the ALC account dated after March 6, 2008 may be aggregated to reach the $5,000.00 minimum provided under 18 U.S.C. § 666. ECF No. 32. Upon review of these arguments, the Court finds the Government's second and third arguments are persuasive and will only address these arguments.[4]

**1. Standard for a Continuing Offense**

The Government claims Askia's alleged conduct in fraudulently withdrawing money from 2007 until 2008 from the ALC bank account was a "continuing offense." ECF No. 32 at 14-18. The standard for whether an offense qualifies as continuing is outlined in *Toussie v. United States,* 397 U.S. 112, 115 (1970). In general, an offense should not be categorized as continuing. *Id.* (citations

---

[4] Notably, the Court specifically declines to address the application of the Wartime Suspension of Limitations Act.

and quotations omitted).

However, an offense may, under certain circumstances, be categorized as a continuing offense. When an offense is categorized as continuing, that offense is not complete for statute of limitations purposes until the ongoing offensive conduct *is terminated*. For a specific offense to be considered continuing, either of the following requirements must be met: "[1] the explicit language of the substantive criminal statute compels such a conclusion or [2] the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.*

In the present action, Askia was charged in the Indictment with violating 18 U.S.C. § 666(a)(1)(A). This statute does not explicitly state this offense is continuing. Thus, the question is whether the second standard of *Toussie* can be met: "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."

### 2. Judicial Interpretation of 18 U.S.C. § 666

The U.S. Court of Appeals for the Eighth Circuit has not addressed the issue of whether 18 U.S.C. § 666 should be interpreted as continuing. Indeed, very few courts have addressed this issue directly. The U.S. Court of Appeals in the Seventh Circuit is the only U.S. Court of Appeals that has addressed this issue. *See United States v. Yashar,* 166 F.3d 873, 880 (7th Cir. 1999). In *Yashar,* the Seventh Circuit found Congress did not intend for 18 U.S.C. § 666 to be a continuing offense. This holding, however, has not been adopted in all circuits. *See, e.g., United States v. Shoemaker,* 2012 WL 313620, at *2 (N.D. Miss. Feb. 1, 2012) (recognizing a circuit split on this issue and declining to adopt the holding in *Yashar*).

Several federal courts have, however, addressed whether a similar and related statute, 18 U.S.C. § 641, is continuing. This statute criminalizes the embezzlement and theft of public funds.

*See* 18 U.S.C. § 641 (2004).  In interpreting 18 U.S.C. § 641, a number of federal courts have held its criminal provisions should be interpreted as continuing.  *See United States v. Smith,* 373 F.3d 561, 564 (4th Cir. 2004) (recognizing "the nature of embezzlement [under 18 U.S.C. § 641] is such that Congress must have intended that in some circumstances it be treated in section 641 as a continuing offense").

Importantly, in the Eastern District of Arkansas, the Honorable U.S. District Judge Billy Roy Wilson found an offense under 18 U.S.C. § 641 qualifies as continuing for statute of limitations purposes.  *See United States v. Turner,* 2014 WL 641768, at *1 (E.D. Ark. Feb. 18, 2014).  In *Turner,* Judge Wilson held that "the nature of the alleged offense–stealing SSI benefits by misrepresenting material facts on an application–is such that *Congress must have intended courts treat it as a continuing offense.*"  (emphasis added).  Judge Wilson found the statute of limitations did not begin to run until the "offensive conduct stopped."  *Id.*

### 3. Findings of the Court Regarding Limitations

The Court finds Judge Wilson's interpretation of 18 U.S.C. § 641 is persuasive and should be adopted for purposes of 18 U.S.C. § 666.  In support of this conclusion, the Court notes that both 18 U.S.C. § 641 and 18 U.S.C. § 666 relate to the embezzlement and theft of federal resources: Section 641 applies directly to federal "money, property or records" while Section 666 applies to "theft or bribery concerning programs receiving Federal funding."  Further, 18 U.S.C. § 666 was adopted to fill the gaps created by 18 U.S.C. § 641.  *See United States v. Sanderson,* 966 F.2d 184, 189 (6th Cir. 1992) (recognizing "Congress seems to have intended section 666 to *expand* the ability of prosecutors to prosecute persons who were for technical reasons out of section 641's reach") (emphasis in the original).

Thus, the Court finds these statutes should be interpreted similarly for statute of limitations purposes, and the entire amount Askia allegedly embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted under the facts outlined above and totaling $149,280.00 may be considered in determining his alleged violation of 18 U.S.C. § 666(a)(1)(A).

Alternatively, assuming this offense should not be considered continuing, the Court finds the Indictment still should not be dismissed. Notably, the Indictment was returned on March 6, 2013. ECF No. 1. Five years prior to March 6, 2013 would be March 6, 2008. As noted above, the Government has provided evidence of the following withdrawals from the ALC account: $108.00 payment to Thrifty Liquor in Smackover, Arkansas (March 10, 2008); $467.36 payment to the Super 8 Motel in Smackover, Arkansas (March 11, 2008); $2,500.00 payment to Casket & Monument in Little Rock, Arkansas (March 12, 2008); and a $2,428.00 payment to Casket & Monument in Little Rock, Arkansas (March 17, 2008). All of these are dated *after* March 6, 2008, and in total, these transactions equal $5,503.36. To prove a violation of 18 U.S.C. § 666(a)(1)(A), only $5,000.00 must be embezzled, stolen, obtained by fraud, or otherwise without authority knowingly converted. Thus, even if this offense were not continuing, the Indictment against Askia for his allegedly illegal conduct between March 6, 2008 and March 6, 2013 was timely and should not be dismissed on statute of limitations grounds.

### 4. Bill of Particulars

Askia alternatively asks for leave to seek a Bill of Particulars. "The Indictment filed in the instant case contains no specific factual allegations at all that would permit Mr. Askia to ascertain the Government's theory of the case and prepare a defense." ECF No. 23, p. 11. As noted above the Indictment in this case states in pertinent part:

> From on or about August 23, 2007, to on or about April 11, 2008, in the Western District of Arkansas, El Dorado Division, the defendant, **KWAME ALI ASKIA,** being an agent of, Askia Learning Concepts, a for profit organization, said organization receiving in the one year period beginning August 23, 2007, benefits in excess of $10,000 under a 21st Century Community Learning Centers Grant, embezzled, stole, without authority knowingly converted, obtained by fraud, and intentionally misapplied property worth at least $5,000 and owned by and under the care, custody and control of Askia Learning Concepts, that is, grant funds provided for educational services to Strong High School, Strong, Arkansas, in violation of 18 U.S.C. § 666(a)(1)(A).

Upon careful review of this Indictment, the Court finds it contains sufficient information for Mr. Askia to ascertain the Government's theory of the case and a prepare a defense. Accordingly, the Court also finds no basis for granting Askia's request for leave to seek a Bill of Particulars.

### D.    Conclusion:

Based upon the foregoing, the Court finds Askia's offense was continuing for statute of limitations purposes, and the five year statute of limitations did not commence to run until his allegedly unlawful conduct was terminated. Based upon the evidence the Government presented at the hearing on November 4, 2015, Askia's offensive conduct did not terminate until after March 6, 2008, which was five years before his Indictment.

Even if this offense were not interpreted as continuing, the Court alternatively finds for purposes of this Motion that Askia embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted the minimum amount of $5,000.00 after March 6, 2008. Thus, the Government's Indictment against Askia for his conduct between March 6, 2008 until March 6, 2013 should not be dismissed.

Thus, the Court recommends Askia's Motion to Dismiss the Indictment (ECF No. 23) be **DENIED.** Further, because the Indictment contains sufficient factual information, the Court also recommends Askia's Motion for Leave to File a Bill of Particulars (ECF No. 23) be **DENIED.**

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 10th day of November 2015.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE