IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.                        CASE NO. 13-cr-10004

KWAME ALI ASKIA                                                DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed November 10, 2015 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 67).  Judge Bryant recommends that Defendant Kwame Ali Askia's Motion to Dismiss Indictment or For Leave to Move for a Bill of Particulars (ECF No. 23) be denied.  Both the Defendant and the Government have filed objections to the Report and Recommendation.  (ECF Nos. 72 & 74).  After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

On March 6, 2013, an Indictment was returned against Defendant alleging violations of 18 U.S.C. § 666(a)(1)(A) which criminalizes "Theft or bribery concerning programs receiving Federal funds."  The indictment details offenses allegedly committed by Defendant from "on or about August 23, 2007, to on or about April 11, 2008."  In the present Motion to Dismiss, Defendant argues that the March 6, 2013 indictment was returned outside of the five-year statute of limitations for offenses under 18 U.S.C. § 666(a)(1)(A).  Specifically, Defendant argues he received the funds at issue on August 23, 2007 and that the indictment was returned well over five years after the alleged crime was complete.  Alternatively, in the event that his Motion to

Dismiss is denied, Defendant requests leave to seek a Bill of Particulars in order to "ascertain the Government's theory of the case and prepare a defense." (ECF No. 23, p. 11).

The Government set forth three alternative arguments in opposition to the Motion to Dismiss. Two of these arguments were specifically addressed in the Report and Recommendation.[1] First, Judge Bryant considered whether Defendant's multiple withdrawals from 2007-2008 could form a "continuing offense" under the standard set forth in *Toussie v. United States*, 397 U.S. 112, 115 (1970). After thorough discussion of relevant authority, Judge Bryant found that an offense under 18 U.S.C. § 666(a)(1)(A) may be treated as continuing and is not complete for statute of limitations purposes until the ongoing offensive conduct is terminated. Because Defendant's alleged conduct continued after August 23, 2007 and was not terminated until April 11, 2008, Judge Bryant found that the March 6, 2013 indictment was returned within the five-year statute of limitation.

Second, Judge Bryant considered whether the indictment should be considered timely even if an offense under 18 U.S.C. § 666(a)(1)(A) should not be categorized as a continuing offense. Judge Bryant considered evidence showing that from March 10, 2008 to March 17, 2008, Defendant allegedly made withdrawals totaling $5,503.36. To prove a violation of 18 U.S.C. § 666(a)(1)(A), only $5,000.00 must be embezzled, stolen, obtained by fraud, or otherwise without authority knowingly converted. Accordingly, Judge Bryant found that, even if Defendant's offense could not be categorized as continuing, the March 6, 2013 Indictment

---

[1] The Government's third argument in opposition to the Motion to Dismiss is that Wartime Suspension of Limitations Act ("WSLA") extended the limitations period with respect to the March 6, 2013 Indictment. Judge Bryant specifically declined to address this argument. The Government filed objections to the Report and Recommendation for the purpose of renewing their WSLA argument. Because this issue was not addressed by Judge Bryant, and because the indictment has been held to be timely on other grounds, the Court will not address it here.

against Defendant for his alleged conduct from March 10, 2008 to March 17, 2008 was timely and should not be dismissed on statute of limitations grounds.

Turning to Defendant's alternative request for a Bill of Particulars, Judge Bryant found that the Indictment contains sufficient information for Defendant to ascertain the Government's theory of the case and a prepare a defense. Accordingly, Judge Bryant found no basis for granting Defendant's request for leave to seek a Bill of Particulars.

In his objections to the Report and Recommendation, Defendant does not address Judge Bryant's finding that a Bill of Particulars is not warranted or his finding that the Indictment is timely as to the alleged conduct from March 10, 2008 to March 17, 2008, even if the offense is not categorized as continuing. It appears that Defendant's only objection is to Judge Bryant's conclusion that an offense under 18 U.S.C. § 666(a)(1)(A) may be treated as continuing. Defendant does not make an argument or set forth any authority on this issue that was not raised his Motion to Dismiss or thoroughly addressed by Judge Bryant in his Report and Recommendation. Upon review of Report and Recommendation and Defendant's objections, the Court finds that an offense under 18 U.S.C. § 666(a)(1)(A) may be treated as continuing and declines to repeat Judge Bryant's analysis here.

The Court overrules the parties' objections and adopts Judge Bryant's Report and Recommendation (ECF No. 67). For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Defendant's Motion to Dismiss Indictment or For Leave to Move for a Bill of Particulars (ECF No. 23) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 8th day of January, 2016.

                                                                              /s/ Susan O. Hickey  
                                                                             Susan O. Hickey  
                                                                             United States District Judge