IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.                                    CASE NO. 13-cr-10004

KWAME ALI ASKIA                                                                      DEFENDANT

## ORDER

Before the Court is a *pro se* Motion for Reconsideration filed by Defendant Kwame Ali Askia. (ECF No. 95). The Government has responded to the motion. (ECF No. 97). Defendant requests that the Court reconsider its Order (ECF No. 94) denying his Motion to Dismiss.

Defendant's Motion to Dismiss (ECF No. 92) alleged that the Government held a "closed door meeting…with at least one sitting juror during the trial." Defendant stated that the "wrongful and illegal influencing of a sitting juror in session wrongfully den[ied] the defendant due process of fair and impartial trial[.]" Because Defendant's Motion to Dismiss set forth nothing but vague, conclusory allegations of Government misconduct, the Court denied the motion.

In the present Motion for Reconsideration, Defendant attempts to supply the Court with the detail that was lacking in his original motion. Defendant claims that he saw Assistant United States Attorney Brice White and a male juror leave "a room nearest the Northwest corner of the court building on the same floor as the courtroom." Defendant claims that this incident was witnessed by the United States Marshals who were on duty. Defendant further claims that the

Court was made aware of the contact during trial and that he detailed the incident in a motion to the Court at trial.

Much like his original motion, Defendant's Motion for Reconsideration offers the Court no basis on which to find that there were impermissible communications between the Government and any juror. The United States Marshals on duty during the trial have filed declarations stating that they did not observe Brice White entering into or coming out of any room with a juror during trial. (ECF No. 97, Exh. 1-3). Moreover, Defendant's claim that he made the Court aware of the alleged communication at trial is patently false. There is no record of any such motion during trial or even a mention of the alleged incident prior to Defendant's Motion to Dismiss being filed on February 19, 2016. Accordingly, Defendant's Motion for Reconsideration should be and hereby is **DENIED**.

IT IS SO ORDERED, this 27th day of April, 2016.

    /s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge