IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 1:13-cr-10004

KWAME ALI ASKIA                                                              DEFENDANT

## ORDER

Before the Court is Defendant's Motion of Extraordinary Circumstances for a Heading, Reducing of the Supervised Release to 29 Months.[1] (ECF No. 175). The Court finds that no response is necessary and that this matter is ripe for consideration.

## BACKGROUND

On February 16, 2017, Defendant was found guilty of one count of Theft Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(1)(1)(A). The Court subsequently sentenced Defendant to a term of twenty-four months' imprisonment to be followed by three years of supervised release. Defendant was also ordered to pay $146,416.00 in restitution and a $100.00 special assessment. On March 16, 2020, Defendant filed the instant motion, moving the Court for early termination of his supervised release.

## DISCUSSION

A court, in its discretion, may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

---

[1] The Court assumes that the word "heading" in the title of the instant motion is a typographical error and that the motion should instead read as "hearing."

justice." 18 U.S.C. § 3583(e)(1). The United States Sentencing Commission encourages courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, cmt. n.5.

In determining whether to exercise its discretion to terminate the term of supervised release, this Court must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need . . . to afford adequate deterrence to criminal conduct"; (3) "the need . . . to protect the public from further crimes of the defendant"; (4) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (5) "the kinds of sentence and the sentencing range . . . as set forth in the [United States Sentencing G]uidelines"; (6) "any pertinent policy statement issued by the Sentencing Commission"; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a), 3583(e).

Upon consideration of all relevant factors, the Court declines to exercise its discretion to terminate Defendant's supervised release. Defendant has not presented any legitimate considerations warranting early termination. Instead, he largely argues that he is entitled to early termination because he was wrongfully convicted. Moreover, Defendant has failed to comply with the terms of his supervised release and pay restitution as ordered by the Court. Therefore, in light of the nature and circumstances of the offense and the history and characteristics of the Defendant, the need to adequately deter criminal conduct, and the need to provide restitution to victims of the offense, the Court finds that Defendant's request for early termination of his term of supervised release should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion of Extraordinary Circumstances for a Heading, Reducing of the Supervised Release to 29 Months (ECF No. 175) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 19th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
